UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY ALEX ORE-FALCON,

Petitioner,

v.

M. WOFFORD, et al.,

Respondents.

No. 1:26-cv-06462-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 13, 2026, petitioner, proceeding with counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)[1] That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) In his *habeas* petition, petitioner alleges as follows.

Petitioner entered the United States in 2015. (Doc. No. 1 at ¶ 21.) Petitioner alleges that on December 16, 2025, he was detained by immigration authorities, and on or about that date, the Drug Enforcement Administration ("DEA") seized "money and three vehicles" that belonged to petitioner. (Doc. No. 1 at ¶ 28.) In support of his motion for temporary restraining order,

[1] Petitioner previously filed a petition for writ of *habeas corpus* in *Ore-Falcon v. Wofford*, 1:26-cv-00181-WBS-EFB ("*Ore-Falcon I*"). Docket citations refer to the docket in this case, *Ore-Falcon v. Wofford et al.*, 1:26-cv-06462-DAD-CSK, unless otherwise noted.

petitioner has provided a letter from the DEA informing him that his seized property would be returned to him. (Doc. No. 2-1 at 4.) Petitioner has not been provided an immigration bond hearing. (*Id.* at ¶ 30.)

On August 14, 2026, the court set a briefing schedule on the pending motion and directed respondents to state any opposition they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (Doc. No. 4.)

In his motion for temporary restraining order, petitioner argues that he is a member of the Nationwide Pending Petition Class preliminarily certified in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("*ICWC v. Noem*") and that he should be immediately released because his detention violates due process and respondents' decision to detain him is arbitrary and capricious and violates the *Accardi* Doctrine. (Doc. No. 2 at 4–5.)

On August 17, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents argue that the court should deny petitioner's requests as duplicative because they have already been addressed and rejected on June 29, 2026 in petitioner's previously filed action, *Ore-Falcon I*.[2] (Doc. No. 8 at 1–2.) Respondents further argue that the intervening Ninth Circuit decision, *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) does not change the outcome of this case because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A). (*Id.* at 2.)

On August 21, 2026, the court directed the parties to file supplemental briefing in light of petitioner purportedly having accepted voluntary departure on August 18, 2026. (Doc. No. 11 at

[2] On June 26, 2026, the district court in *Ore-Falcon I* found that 8 U.S.C. § 1225 applied to petitioner and that his detention did not violate due process. *Ore-Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 1871024, at *1–3 (E.D. Cal. June 29, 2026). As respondents note, when the court made the determination that petitioner was subject to detention pursuant to § 1225, it did not have the benefit of the Ninth Circuit's decision in *Rodriguez Vazquez*, in which the Ninth Circuit subsequently determined that "unadmitted aliens present in the interior of the country" are subject to 8 U.S.C. § 1226 and "unadmitted aliens entering the United States at the border" are subject to detention pursuant to § 1225(b)(2). 183 F.4th at 1193. Here, petitioner was present in the interior of the country when he was detained and, accordingly, intervening binding Ninth Circuit precedent requires this court to find that petitioner may not be detained pursuant to § 1225(b)(2). *Id.*

2.) That same day, respondents filed supplemental briefing in which they argue that petitioner's acceptance of voluntary departure and agreement to remain in custody pending his departure vitiates his application for *habeas* relief and they requested at that time that the court lift the temporary stay of petitioner's removal. (Doc. No. 12 at 1–2.) On August 25, 2026, petitioner filed supplemental briefing in which he argues that petitioner's acceptance of voluntary departure at the conclusion of removal proceedings does not require waiver of appeal, and petitioner's *habeas* petition was not mooted by his apparent acceptance of voluntary departure. (Doc. No. 13 at 1–2.) On September 22, 2026, respondents filed a second supplemental brief in which they withdrew their request that the court lift the temporary stay of petitioner's removal because petitioner had by then filed an appeal of the immigration judge's August 18, 2026 decision finding petitioner to be removable and granting him voluntary departure (Doc. No. 12-2 at 1–3). (Doc. No. 15 at 1–2.)

First, the court is not persuaded that the petition should be dismissed as duplicative of petitioner's earlier filed petition in *Ore-Falcon I* because petitioner asserts different claims in the petition pending in this action, including a claim that his detention absent notice and an opportunity to be heard violates the Fifth Amendment Due Process Clause. (Doc. No. 1 at ¶¶ 54–84.) In his first-filed petition, petitioner alleged a single claim that his detention was in violation of the Immigration and Nationality Act ("INA"). (*Ore-Falcon I* Doc. No. 1 at ¶¶ 28–32.)

Next the court considers respondents' arguments regarding the relevant detention authority. Respondents initially suggest that petitioner was lawfully detained pursuant to § 1225(b)(2) (Doc. No. 8 at 1–2), which, as noted, is foreclosed by the Ninth Circuit's holding in *Rodriguez Vasquez*, 183 F.4th at 1193.

Moreover, respondents appear to concede that petitioner's removal order is not administratively final in light of his pending appeal before the Board of Immigration Appeals ("BIA") and that he is therefore not detained pursuant to 8 U.S.C. § 1231. The court agrees. *Cf. Hernandez v. Wofford*, No. 1:26-cv-01522-JLT-SAB-HC, 2026 WL 2137713, at *2 (E.D. Cal. July 24, 2026) (finding that the petitioner's alternate order of removal became administratively

/////

final at "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]" and the petitioner did not file an appeal).

Finally, respondents argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(A) because he was arrested[3] and investigated by the DEA. (Doc. No. 8 at 2.) This court has previously declined to consider such arguments as *post hoc* rationalizations for agency action, which the court may reject. *See Abreu-Guerrero v. Chestnut*, No. 1:26-cv-06959-DAD-SCR, 2026 WL 2664618, at *2–3 (E.D. Cal. Sept. 10, 2026); *Betancourt Ulloa v. Warden, California City Correctional Center*, No. 1:26-cv-03360-DAD-CKD, 2026 WL 2389805, at *3–4 (E.D. Cal. Aug. 17, 2026).

Even if the court were to consider respondents' argument that petitioner may be detained pursuant to § 1226(c)(1)(A), nothing before this court supports that assertion. Section 1226(c)(1)(A) "makes detention mandatory for any alien [who is inadmissible by reason of having] committed any offense covered in 8 U.S.C. § 1182(a)(2), which in turn applies to any alien 'convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of' any 'crime involving moral turpitude' or controlled substance offense." *Prior v. Andrews*, No. 1:25-cv-01131-JLT-EPG, 2025 WL 2675569, at *2 (E.D. Cal. Sept. 18, 2025) (quoting 8 U.S.C. § 1182(a)(2)). Respondents have not provided any evidence or argument that petitioner has been convicted of, or admitted to having committed, any crime of moral turpitude which would support a finding that petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(A).

Next, the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that failure to provide an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a),

[3] Petitioner alleges that he was never arrested by DEA agents, but instead was detained by immigration authorities on December 16, 2025, and has remained in immigration custody for the duration of his detention. (Doc. No. 1 at ¶¶ 28–29.) Respondents have not provided the court with any evidence of the date that petitioner was taken into ICE custody nor do respondents otherwise dispute petitioner's claim regarding the circumstances under which he was taken into immigration custody.

mandates petitioner's release. Here, respondent has not come forward with any evidence that petitioner was provided an initial custody determination, and he is therefore entitled to *habeas* relief in the form of an order that he be released from custody.[4]

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Andy Alex Ore-Falcon, A-File No. 249-453-474, from respondents' custody;
   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[4] Because the court will grant petitioner's *habeas* petition as to his due process claim, the court does not consider petitioner's arguments regarding his remaining claims, including the applicability of any decision in *ICWC v. Noem* to his case.